The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| THOMAS DEXTER WARD AND | ) | CASE NO. 09-61841 |
| LAURA SUE WARD, | ) | |
| | ) | ADV. NO. 09-6101 |
| Debtors. | ) | |
| | ) | JUDGE RUSS KENDIG |
| TOWN & COUNTRY CO-OP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| THOMAS DEXTER WARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Now before the court are three motions. On August 13, 2010, Defendant Mark Franklin ("Defendant Franklin") filed a motion for relief from the default judgment entered against him on August 9, 2010. Plaintiff opposes the relief. The second motion is Defendant Franklin's pro se motion for an extension of time to respond to discovery. It is unopposed. In the third motion, Plaintiff seeks default judgment against Defendants Todd M. Ward and Ashland Stone Sales, LLC ("Defendants Ward and Ashland Stone"), who object to default judgment.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Plaintiff filed the adversary complaint on September 8, 2009. Defendant Franklin and Defendants Ward and Ashland Stone were not originally named defendants. They were added as defendants with Plaintiff's amended complaint filed on May 14, 2010. Summonses were issued on May 19, 2010. A summons was served to Defendant Franklin on May 22, 2010 by certified mail, and to Defendants Ward and Ashland Stone on May 26, 2010, also by certified mail.

Plaintiff filed a motion for default judgment against Defendant Franklin on July 12, 2010. On July 22, 2010, Defendant Franklin filed a pleading with the court seeking an extension for responding to Plaintiff's discovery requests. Per that pleading, Defendant Franklin advised that he had been in contact with two attorneys, neither of whom undertook representation. He advised he still was looking to obtain counsel. No order on the motion was presented to the court. On August 9, 2010, Plaintiff obtained default judgment. Four days later, represented by counsel, Defendant Franklin moved to set aside the default judgment.

Plaintiff filed a motion for default judgment against Defendants Ward and Ashland Stone on September 3, 2010. Two days later, they filed a motion for leave to file an answer. The court granted leave for the answer, and Defendants filed an answer on October 12, 2010. Defendants also opposed default judgment in a response dated September 21, 2010.

## LAW

### I. Defendant Franklin's Motion for Relief from Judgment

Federal Rule of Bankruptcy Procedure 7055, incorporating Federal Rule of Civil Procedure 55, establishes Rule 60(b) as the basis for setting aside default judgment. Rule 60 is adopted into bankruptcy practice through Federal Rule of Bankruptcy Procedure 9024. Defendant Franklin relies on 60(b)(1) and (6) as the basis for his motion. Under these prongs, relief can be granted if he demonstrates the relief was granted by "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief."

A motion for relief from judgment is based on three considerations: (1) the prejudice to the plaintiff which will result if the judgment is vacated; (2) whether a meritorious defense exists; and (3) whether defendant should be accountable for the conduct which led to the entry of the default judgment. United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983). In the Sixth Circuit, movant must first establish that its culpable conduct did not result in the judgment. See Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002); Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). Only upon first demonstrating this item will the court undertake further analysis. Waifersong, 976 F.2d at 292.

Although Plaintiff contends Defendant Franklin was culpable, the court disagrees. The following is culled from the record:

- Defendant Franklin advised Plaintiff of his desire to retain counsel at a deposition on May 26, 2010 – a mere four days after service of the complaint;

- Defendant Franklin contacted counsel in Ashland County, thought counsel was going to represent him, only to later learn the attorney declined;

- Defendant Franklin contacted an attorney in Wayne County who had a conflict and could not represent him;

- In the interim, Defendant Franklin filed a motion seeking an extension of discovery deadlines which contained information on his search for counsel;

- He mistakenly believed his extension was granted because he misunderstood the order dated August 4, 2010;

- An attorney on his behalf contacted Plaintiff on July 29, 2010 to discuss the action;

- He retained counsel in early August 2010.

Taken as true, the actions of Defendant Franklin do not rise to culpability. Further, Plaintiff was aware, following the filing of the motion for default judgment, of Defendant Franklin's difficulty in obtaining counsel and his continued search for counsel. Plaintiff admits discussing the case with an attorney on Defendant's behalf in late July.[1] Counsel for Defendant Franklin states she was retained on August 10, 2010, at which time she was unaware of the motion for default judgment. Immediate action was taken to set aside the judgment. Based on this information, the court finds that a confluence of unusual events, comprised of mistake, inadvertence and excusable neglect, led to the judgment. The default judgment was not a result of the culpable conduct of Defendant Franklin.

Passing the first challenge to the relief sought, Defendant Franklin must now show an absence of prejudice to Plaintiff. Plaintiff has filed several motions for extensions of time, the latest dated October 15, 2010. In that motion, Plaintiff states that discovery is ongoing. Defendant filed his motion for relief from the judgment a mere four days after default judgment was entered. At the time the motion for relief was filed, four months remained until trial. Further, Plaintiff did not file a motion for default judgment against two other defendants until

---

[1] It is not clear if this was present counsel for Defendant Franklin or one of the previous attorneys Defendant Franklin contacted. Further, it is not clear whether the attorney represented Defendant Franklin at the time of the phone call.

September 3, 2010, nearly three weeks after this motion was filed. Because of the quick filing of the motion for relief, continuing discovery, and later actions against co-defendants, the court finds no prejudice to Plaintiff.

Lastly, Defendant Franklin must show the existence of a meritorious defense. Plaintiff's complaint alleges a count of civil conspiracy, conversion, fraudulent transfer, misrepresentation and/or alter ego against Defendant Franklin. In reviewing a defense on a motion for relief from a default judgment, the court does not gauge the potential success of the defense. *See* Creditors Comm. Of Park Nursing Ctr., Inc. v. Samuels (In re Park Nursing Ctr., Inc.), 766 F.2d 261 (6th Cir. 1985) (citing United Coin Meter, 705 F.2d at 845 (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980)). If Defendant presents facts which, if true, could operate as a defense to the claims, the defense is deemed meritorious. United Coin Meter, 705 F.2d at 845.

Procedurally, the court cannot review Defendant Franklin's actual defenses because no answer is yet filed. Part of the relief sought in this motion is to allow him time to file an answer. In his motion for relief, Defendant Franklin claims a lack of intent, absence of any misrepresentations, and lack of knowledge about the alleged scheme. Plaintiff contends that Defendant's deposition statements, whereby he admits that he was a participant in certain transfers between Debtors and their son, seal his fate. The court is not inclined to agree because it appears this is in dispute. Intent is a pivotal element to several of Plaintiff's claims. If Defendant Franklin did not possess the requisite intent, Plaintiff's claims fail. Consequently, Defendant Franklin demonstrated the existence of a potentially meritorious defense.

Defendant Franklin's motion for relief from the default judgment will be granted. An answer to the amended complaint will be due ten days from the entry of the order granting the relief.

### II. Defendant Franklin's pro se Motion to Extend Time

In this motion, Defendant Franklin seeks additional time to respond to Plaintiff's discovery. It is not clear when the discovery was propounded. He states he is attempting to obtain counsel, which was accomplished two weeks later. The motion for the extension was unopposed. To the extent the motion is not moot, it will be granted.

### III. Motion for Default Judgment against Defendants Ward and Ashland Stone

The motion is denied. There is a clear preference in federal court for a decision on the merits of an action and to provide litigants with a day in court. Defendants leave to file an answer was not opposed, the court granted the motion, and Defendants filed an answer on October 12, 2010. When faced with a motion for default judgment, they immediately filed a response. While undertaking representation pro se, Defendant Ward appeared for a deposition. In light of some participation by Defendant Ward, the quick action to oppose default judgment, and the filing of an answer, this is not a situation where default judgment is appropriate and the court declines to award it.

An order shall be issued immediately.

# # #

**Service List:**

Duriya Dhinojwala
Critchfield, Critchfield & Johnston, LTD
4996 Foote Road
Medina, OH 44256

Christina I. Smith
Miller Mast & Mason Ltd
88 S Monroe St
Millersburg, OH 44654

Douglas L Thrush
13 Park Ave W
#314
Mansfield, OH 44902-1714

James M McClain
105 Court St
#321
Elyria, OH 44035